UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOHN LIOCES<br>704 S. Medina Line Rd.<br>Wadsworth, Ohio 44281<br><br>On behalf of himself and all others<br>similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>AG-PRO COMPANIES, LLC<br>c/o Corporation Service Company<br>1201 Hays Street<br>Tallahassee, Florida 32301<br><br>and,<br><br>AG-PRO OHIO, LLC<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio<br><br>　　　　　Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND<br>COLLECTIVE ACTION COMPLAINT<br>UNDER THE FAIR LABOR STANDARD<br>ACT AND STATE LAW** |

Plaintiff John Lioces, through counsel, for his Class and Collective Action Complaint against Defendants Ag-Pro, LLC and Ag-Pro Ohio, LLC (collectively "Defendants), states and alleges as follows:

**INTRODUCTION**

1.　　This case challenges wage-and-hour practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Georgia's common law of unjust enrichment.

1

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Georgia law (the "Class Members").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants Ag-Pro Companies, LLC and Ag-Pro Ohio, LLC both are headquartered, and therefore reside, within this district and division in Boston, Georgia.

## PARTIES

7. At all times relevant, Plaintiff John Lioces was a citizen of the United States and of the State of Ohio.

8. Defendant Ag-Pro Companies, LLC is a Georgia for-profit limited liability company which holds its principal place of business in Boston, Georgia. It does business throughout this state, as well as in multiple locations throughout Georgia, Alabama, Florida,

Kentucky, Ohio, North Carolina, South Carolina, and Tennessee. According to records maintained by the Georgia Secretary of State, Ag-Pro Companies' authorized official for service of process is Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 3230.

9. Defendant Ag-Pro Ohio, LLC is a Georgia for-profit limited liability company which holds its principal place of business in Boston, Georgia, and which is, upon information and belief, a subsidiary or affiliate of Ag-Pro Companies. Ag-Pro Ohio's authorized official for service of process is Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 3230.

10. Ag-Pro Companies owns and operates, directly and through its subsidiaries or affiliates like Ag-Pro Ohio, 83 Ag-Pro stores in Georgia, Alabama, Florida, Kentucky, Ohio, North Carolina, South Carolina, and Tennessee.

11. The Opt-Ins and Class Members are salespeople who have worked in Defendants' Ag-Pro stores nationwide during the time periods relevant to Plaintiff's causes of action.

## FACTUAL ALLEGATIONS
### Defendants' Business and Status as "Employers" Under the FLSA

12. According to its website, Ag-Pro Companies runs the largest chain of John Deere equipment retailers in North America, all branded as "Ag-Pro" stores.

13. Many of its stores are operated in conjunction with subsidiaries and affiliates of Ag-Pro Companies. For instance, the Ag-Pro stores within Ohio are operated jointly by Ag-Pro Companies and Ag-Pro Ohio.

14. Both Defendants were employers within the meaning of 29 U.S.C. § 203(g) in that they "suffer[ed] or permit[ted]" Plaintiff, the Opt-Ins, and the Class Members to work.

15. Defendant Ag-Pro Ohio, LLC was an "employer," as that term is defined in the FLSA, 29 U.S.C. § 203(d), of Plaintiff, Opt-Ins working in Ohio, and Class Members working in

3

Ohio because Ag-Pro Ohio, LLC is the W-2 employer of the employees described in this paragraph.

16. Defendant Ag-Pro Companies, LLC was an "employer" of Plaintiff, all Opt-Ins, and all Class Members pursuant to 29 U.S.C. § 203(d) in that it "act[ed] directly or indirectly in the interest of an employer in relation to…employee[s]."

17. Defendant Ag-Pro Companies shares control over the manner and means of the employment of the employees at all Ag-Pro stores, and all salespeople at Ag-Pro stores are economically dependent on Ag-Pro Companies.

19. By way of example, Ag-Pro Companies, LLC:

(a) promulgated and published the employee handbook governing many aspects of the work of Plaintiff, all Opt-Ins, and all Class Members;

(b) retained the right to monitor and supervise the work output of employees at Plaintiff, all Opt-Ins, and all Class Members. For instance, Division Presidents who supervised salespeople like Plaintiff, the Opt-Ins, and the Class Members were Ag-Pro Companies employees;

(c) retained the power to determine the pay rates or the methods of payment for Plaintiff, the Opt-Ins, and the Class Members. By way of example, Ag-Pro Companies determined that its salespeople, like Plaintiff, all Opt-Ins, and all Class Members, would be considered exempt from overtime pay;

(d) requested the work of Plaintiff, Opt-Ins, and the Class Members, whose jobs were integral to Ag-Pro Companies' business. According to job postings on Ag-Pro Companies' website, Sales Representatives were to represent that company for the sale of machinery, monitor competitive activity/products and consumer's

business activities, and maintain sales management information, all of which were integral to the Ag-Pro Companies' business;

(e) maintained employment records of Plaintiff, the Opt-Ins, and the Class Members; and

(f) invested in equipment and facilities in relation to the employment of Plaintiff, Opt-Ins, and the Class Members. By way of example, Ag-Pro Companies owns or rents the stores out of which those employees work, as well as all tools and implements used by store employees to perform their work.

22. At all times relevant, Defendants were, individually and jointly, an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Misclassification of Sales Representatives and Failure to Pay Overtime Premiums**

23. Plaintiff John Lioces worked for Defendants from May 15, 2024 through end of October 2024 as a salesperson, with primary job duties of selling John Deere equipment and machinery.

24. The Opt-Ins and the Class Members consist of all salespersons at Ag-Pro stores nationwide, all of whom are paid a salary/guaranteed payment plus commission and classified as exempt from overtime pay.

25. Under section 7(i) of the FLSA, an employee of a retail or service establishment may only be considered exempt from overtime in a week where: (a) the employee's regular rate of pay exceeds one and one-half times the federal minimum wage; and (b) the employee earns more than half his wages in commissions. *See* 29 U.S.C § 207(i).

26. Plaintiff, the Opt-Ins, and the Class Members regularly work over 40 hours in a workweek.

27. The weekly wages of Plaintiff, the Opt-Ins, and the Class Members regularly consist of a larger proportion of salary/guaranteed payment than commissions, rendering those employees non-exempt for such workweeks.

28. Yet, due to Defendants' misclassification of all salespersons as outright exempt, Defendants illegally withhold any overtime premium for salespersons even in weeks where they work over forty hours and are not eligible for any exemption.

## Willfulness of Defendants' Violations

29. Defendants knew, or recklessly disregarded, that its salespersons were entitled to overtime compensation under federal law.

30. The retail sales exemption in section 7(i) of the FLSA is, by its plain language, conditional and based on an employee's week-by-week earnings.

31. Nevertheless, Defendants willfully circumvented and violated the requirements of the FLSA by uniformly classifying their salespersons as exempt from overtime. Defendants knew or had full reason to know – with a modicum of investigation – that their Sales Representatives were due time-and-a-half compensation for their overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

34. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All current and former salespersons who worked at any of Defendants' locations and were classified as exempt from overtime in weeks where less than half of their remuneration consisted of commissions.

35. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subjected to the identical unlawful wage-and-hours practices, all were injured by those practices, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

36. Issuance of notice to potential Opt-Ins of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

37. Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of five-hundred or more persons. Such persons are readily identifiable through the records Defendants have maintained, and were required to maintain, pursuant to the FLSA and federal law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## **CLASS ACTION ALLEGATIONS**

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a proposed Class, defined as:

7

> All current and former salespersons who worked at any of Defendants' locations and were classified as exempt from overtime in weeks where less than half of their remuneration consisted of commissions.

40. The Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of hundreds of persons. The number of Class Members and their identities are ascertainable from records Defendants have maintained, and were required to maintain, pursuant to the FLSA and federal law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

41. There are questions of law or fact common to the Class Members, including but not limited to:

   a. Whether Defendants required Plaintiff and other Class Members to work over 40 hours in workweeks;

   b. Whether Defendants paid Plaintiff and other Class Members overtime pay in workweeks where their commissions did not exceed other remuneration;

   c. Whether Defendants knew, or recklessly disregarded, their obligation to pay salespersons overtime pay for workweeks where their commissions did not exceed other remuneration; and

   d. Whether Defendant accepted the benefit of Plaintiff and Class Members' unpaid work under circumstances where retaining that benefit without compensation would be inequitable.

42. Plaintiff's claims are typical of the claims of other Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

43. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation,

including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

44. The questions of law or fact that are common to all Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to Class Members, listed above, are common to Class Members as a whole, and predominate over any questions affecting only individual Class Members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

48. The FLSA requires employers, like Defendants, to pay non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

49. Plaintiff and the Opt-Ins – i.e., Defendants' salespersons – are non-exempt in any workweek where their commissions form less than half of their total wages.

50. Defendants nonetheless classified their salespersons as outright exempt from overtime pay, and thus failed to pay overtime compensation to Plaintiff and the Opt-Ins even in workweeks where they were not eligible for any exemption.

51. In doing so, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

52. As a result of Defendants' violations of the FLSA's overtime provisions, Plaintiff and the Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO
**(Unjust Enrichment)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. The employment of Plaintiff and the Class Members by Defendants was at-will and not governed by written agreement, with the exception of certain agreements as to guaranteed payments and commission amounts.

55. Plaintiff and the Class Members conferred a benefit on Defendants by working many hours for which they received no overtime compensation required by law.

56.     Defendants knew they was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation. Defendants intentionally designed their compensation structure so as to obtain that benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Grant Notice to Opt-Ins of this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other Class Members;

C.  Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class Members;

D.  Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E.  Award compensatory damages to Plaintiff and the Class Members in the amount of their unpaid wages; and

F.  Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Shaun C. Southworth
Shaun C. Southworth (GA Bar# 959122)
**SOUTHWORTH PC**
1100 Peachtree ST NE, Suite 200
Atlanta, GA 30309
404-585-8095
Fax: 404-393-4129
shaun@southworthpc.com

and

s/ Scott D. Perlmuter
Scott D. Perlmuter (OH Bar# 0082856 to be admitted Pro Hac Vice)

                                            **TITTLE & PERLMUTER**
                                            4106 Bridge Ave.
                                            Cleveland, OH  44113
                                            216-308-1522
                                            Fax: 888-604-9299
                                            scott@tittlelawfirm.com

                                            Attorneys for Plaintiff

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

                                            s/ Shaun C. Southworth
                                            Shaun C. Southworth (959122)