UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOHN LIOCES, individually and on behalf of all others similarly situated,<br>                   Plaintiff,<br><br>v.<br><br>AG-PRO, LLC, and AG-PRO OHIO, LLC,<br>                   Defendants. | Civil Action No. 7:25-CV-00009-WLS |

## CONSENT PROTECTIVE ORDER

Discovery in this case may involve production and/or review of confidential information of the parties and non-parties to this action, as well as proprietary or sensitive business information of Defendant Ag-Pro, LLC and Defendant Ag-Pro Ohio, LLC. The parties in this action consent to entry of this Consent Protective Order in order to protect the legitimate privacy interests of the parties and non-parties alike, and to provide the parties and their respective counsel, certain documents potentially relevant to this action. Accordingly, good cause having been shown, IT IS HEREBY ORDERED THAT:

1. **Designation of Information as Confidential Information.** The following provisions shall govern the designation of Confidential Information in accordance with this Consent Protective Order:

    a. Any party may designate as "Confidential Information" any information or document or portion thereof that the party in good faith contends contains confidential, private, proprietary or sensitive information. Any documents, exhibits or other materials (or portions thereof) which are to be designated as Confidential Information pursuant to the terms of this Consent Protective Order shall be marked "CONFIDENTIAL" on the first page of a multi-page

1

document and on each applicable single page document with a stamp or written statement. With respect to voluminous productions, they may be marked in any manner agreeable to all parties that will ensure that the documents can be clearly identified as Confidential Information. Further, where the Confidential Information is in such a form that such a stamp or mark cannot be reasonably placed thereon, such information shall be designated Confidential in such a manner as is reasonable under the circumstances.

      b.     Documents or information produced or disclosed during this litigation that the producing party did not designate as Confidential Information when produced or disclosed, but which that party later desires to designate as Confidential Information, may be so designated by notifying in writing each party to whom the information was produced or disclosed. Each recipient of this notice shall then promptly mark the documents or information as "CONFIDENTIAL" and notify all others to whom the recipient has conveyed the documents or information of its designation as Confidential Information. Once notified, each recipient shall treat the documents or information according to the terms and restrictions of this Consent Protective Order. The Confidential Information described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

      c.     If any party objects to another party's claims that information should be designated as Confidential Information, that party's counsel shall inform the designating party in writing and the parties shall attempt first to resolve such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute informally, the party receiving a document designated as Confidential Information shall present the matter to the Court.

      d.    If Confidential Information is disclosed during a deposition, a party may request that those specific portions of deposition testimony be treated as Confidential Information under this Agreement. Such party shall either note on the record what testimony is to be treated as "Confidential Information" or it shall make its "CONFIDENTIAL" designation within ten (10) business days of receipt of the deposition transcript (excluding holidays) and shall notify counsel for the opposing party in writing of the specific pages and lines of the deposition testimony that it designates as "CONFIDENTIAL." Until ten (10) business days have passed, the entire deposition is presumed to be Confidential Information. After ten (10) business days, only the specific portions of the deposition or testimony designated in writing as "CONFIDENTIAL" shall be treated as Confidential Information under this Agreement.

      e.    Any party may request by writing to the party who designated material as "Confidential Information" that the "Confidential Information" designation of a particular document or transcript be modified or withdrawn. If consent is withheld, the designating party shall state the reasons why it is withholding such consent. Failure to respond within a period of fourteen (14) business days shall constitute consent to the request. If the designating party does not agree to such re-designation, the requesting party may apply to the Court for relief. Pending the Court's determination, the designation of "Confidential Information" of the designating party will be maintained.

      2.    **Restrictions on Disclosure of Confidential Information.** Except with written prior consent of all parties and nonparties and except as provided elsewhere in this Order, materials designated as "Confidential Information" and all information contained in them or derived from them, may not be disclosed to any person other than:

(a) The parties to this litigation and those of their employees or agents whose assistance is necessary for counsel to prepare the case;

(b) Counsel of record for the parties in this suit and their staff or consultants who are assisting in the prosecution and/or defense of this action;

(c) The Court and the United States Court of Appeals for the Eleventh Circuit and those courts' respective staff and agents;

(d) Witnesses or deponents and their counsel, during the course of depositions or testimony in this action;

(e) Outside consultants and experts who have been formally retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action;

(f) Witnesses interviewed by a party's representatives or counsel, who reasonably needs to know that Confidential Information, provided, however, that before any Confidential Information is shown to a witness, he or she must agree in writing to abide by this Order;

(g) Stenographic reporters or videographers engaged for depositions or other proceedings necessary to the conduct of this action; and

(h) Vendors providing copy and/or other services, such as retrieval of electronic information, as hired by the parties for the purpose of this action.

3. **Litigation Use Only.** All Confidential Information shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

4.      **Third Parties Bound.** No person or entity authorized under the terms of this Order to receive access to Confidential Information, other than the Court and the United States Court of Appeals for the Eleventh Circuit and those courts' respective staff and agents, shall be granted any access to such materials unless and until such person has read this Order and has first agreed in writing to be bound by it by signing a confidentiality statement in the form attached as Exhibit A, which shall be maintained by counsel of record and, in the case of testifying experts, shall be disclosed to opposing counsel by the date on which such expert is disclosed, pursuant to any Scheduling Order entered by the Court in this matter, court rule or otherwise.

5.      **Notice of Breach.** It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, to promptly to notify counsel for the opposing and producing parties of such breach or threatened breach. In the event a breach of this Order is brought to the attention of the Court, the party who breaches the terms of this Order shall be subject to such sanctions as the Court deems appropriate.

6.      **Depositions.** Nothing in this Order shall be construed to prejudice any party's right to use any document designated as "Confidential Information" during depositions or at any hearing or trial in this matter. To the extent that any Confidential Information is presented or discussed during a deposition, all such documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the documents or information and any exhibits containing such documents or information. A party may designate portions of a deposition as Confidential Information as described in Section 1(d). Additionally, upon request made by counsel for a party that produced Confidential Information, any non-party individuals falling outside the applicable categories listed in Section 2 shall be excused from the

deposition room during portions of the deposition involving testimony regarding the Confidential Information.

7. **Filing.** The parties agree that any Confidential Information filed with the Court is to be filed under seal or redacted so that no confidential provisions are visible, unless otherwise directed by the Court or the parties agree otherwise in writing. Notwithstanding the foregoing, a party is not subject to the restrictions of this section if the information labeled Confidential Information was labeled Confidential Information by the filing party and the other party has not labeled that information as Confidential Information.

8. **No Admission.** Nothing contained in this Order, nor any action taken in compliance with it, shall: (a) operate as an admission by any party that a particular document, material, or information is, or is not, Confidential Information; or (b) operate as an admission by any party that a particular document, material, or information is, or is not, relevant, subject to discovery or admissible into evidence at the trial of this suit. Each party retains the right to make substantive objections to discovery requests, including (without limitation) those based on relevancy, privacy or confidentiality.

9. **Interim Protection.** Confidential Information produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court otherwise directs.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide

6

advance notice to the other party at the time the parties exchange trial exhibits pursuant to the Court's Scheduling Order or, in the case of rebuttal exhibits during trial, twenty four (24) hours advance notice. The Court may make such orders as are necessary to govern the use of such documents or information at trial.

11. **Survival.** This Consent Protective Order shall survive the termination of this action. After this action is concluded, and any appeals are resolved, the parties agree that any document or thing designated Confidential Information (including any copies thereof but excluding attorney work product referring to Confidential Information) shall be destroyed or returned to the party from whom it was obtained within sixty (60) days. Upon request, any party in receipt of Confidential Information shall provide the disclosing party with a declaration stating the records have been destroyed, if not returned.

12. **Limitations on Restrictions.** Nothing herein shall be deemed to restrict any party or their counsel with respect to their own documents and information. The restrictions set forth in this Consent Protective Order shall not apply to information which (a) is in the public domain at the time of disclosure, or (b) becomes part of the public domain through no fault of the receiving party.

13. **Inadvertently Produced Documents:** The following provisions shall govern the steps that will be taken if it is discovered that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced ("Inadvertently Produced Documents"):

a. If the producing party discovers that it has produced Inadvertently Produced Documents, the producing party shall notify the receiving party within ten (10) business days of discovery of the error. Within five (5) business days of receipt of such notice, any receiving party

7

shall return all copies of the Inadvertently Produced Documents to the producing party and shall remove electronic copies of the Inadvertently Produced Documents from the receiving party's electronic systems or review databases, and obtain all copies of the Inadvertently Produced Documents that have been disseminated to others within and outside the party's organization and do the same. However, within five (5) business days of receipt of such notice, if a receiving party wishes to challenge the producing party's assertion of privilege, the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute informally, they will seek the Court's assistance in resolving the dispute.

      b.     Where a party who received Inadvertently Produced Documents becomes aware of such, that party shall promptly notify the producing party of such inadvertent production and shall take reasonable steps to avoid further disclosure of such Inadvertently Produced Documents.

      c.     Any privileged or protected documents produced after reliance on targeted searches to exclude potentially privileged and/or work-product materials from production shall constitute an inadvertent production under Federal Rule of Evidence 502(b) and such production does not operate as a waiver of any privilege or protection. The parties intend for this Order to avoid retrospective analysis of the reasonableness of the efforts taken to avoid the production of privileged or protected materials.

      d.     The fact that Inadvertently Produced Documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work-product doctrine, either in this case or in any other legal action, arbitration or proceeding of any kind. The fact that privileged or protected documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine. A party shall be entitled to rely on these non-waiver

provisions regardless of when the inadvertent production is discovered and regardless of who discovers the inadvertent production.

SO ORDERED this **17th** day of July, 2025.

_____
Judge W. Louis Sands