**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **JOHN LIOCES, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AG-PRO, LLC, and AG-PRO OHIO, LLC,**<br><br>**Defendants.** | **Civil Action No. 7:25-cv-00009-WLS** |

**PLAINTIFF'S UNOPPOSED MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND TO ISSUE NOTICE**

Plaintiff John Lioces ("Plaintiff"), by and through his undersigned counsel, and without opposition from Defendants Ag-Pro, LLC and Ag-Pro Ohio, LLC ("Ag-Pro Ohio") (collectively, "Defendants"), hereby submits this Unopposed Motion to Conditionally Certify a Collective Action and to Issue Notice.

**INTRODUCTION**

Plaintiff was previously employed by Ag-Pro Ohio as a salesperson. Plaintiff filed this action on January 13, 2025, alleging that Defendants misclassified him and certain other inside salespersons (collectively, the "Proposed Collective") as exempt in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff maintains that Defendants are liable to him and other members of the Proposed Collective for unpaid overtime premiums and other damages available under the FLSA.

While Defendants deny that they violated the FLSA and maintain that Plaintiff and other members of the Proposed Collective were lawfully classified as exempt, Defendants do not oppose certification of this action as a collective action on a conditional basis only or the issuance of notice

as set out herein.[1] As a result, for the reasons described below, Plaintiff respectfully requests that this Court conditionally certify this action as a collective action and issue notice to members of the Proposed Collective under the terms and conditions outlined herein.

**RELEVANT FACTUAL BACKGROUND**

On May 15, 2024, Plaintiff began his employment with Ag-Pro Ohio as an inside salesperson. Plaintiff's Second Amended Complaint ("Compl.") ¶ 19. Plaintiff's primary duty was selling John Deere equipment and machinery from Ag-Pro Ohio's Norton, Ohio store. *Id.*

Plaintiff alleges that he and other members of the Proposed Collective "regularly work[ed] well over 40 hours in a workweek, and often upwards of 60 hours per week" for Defendants, which Plaintiff alleges shared control over and jointly employed members of the Proposed Collective. *Id.* ¶¶ 14–18, 35. Defendants classified members of the Proposed Collective as exempt from the overtime pay requirement under the FLSA, and, as such, members of the Proposed Collective were not paid overtime premiums for hours worked over forty (40) in a workweek. *Id.* ¶ 40. Plaintiff alleges that Defendants misclassified members of the Proposed Collective as exempt. *Id.* ¶¶ 24, 34.

Plaintiff filed this action as a putative collective action pursuant to 29 U.S.C. § 216(b), maintaining that he and members of the Proposed Collective are "similarly situated" in that "all were subjected to the identical unlawful wage-and-hours practices, all were injured by those

[1] Defendants expressly reserve all rights, including, but not limited to, their right to seek decertification of the conditionally certified FLSA collective action in its entirety at a later date, their right to seek, restrict, or limit the scope and breadth of membership in such conditionally certified FLSA collective action for any reason, and their right to assert that a two-year statute of limitations should apply to the FLSA collective action rather than a three-year statute of limitations, pursuant to 29 U.S.C. § 255.

practices, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs." *Id.* ¶ 50.  Plaintiff now seeks conditional certification of this action.

## ARGUMENT

### A.   Conditional Certification is Appropriate Because Plaintiff and Members of the Proposed Collective are Similarly Situated.

Under the FLSA, an employee may bring a collective action for unpaid overtime compensation "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  "The FLSA's collective action mechanism (1) reduces the burden on low wage employees through the pooling of resources and (2) allows for the efficient resolution of common issues of law and fact that arise from the same illegal conduct." *Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914, 920 (11th Cir. 2014).

The Eleventh Circuit has "sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).  In the first stage – also referred to as the "notice stage" or the "conditional certification" stage – the district court "determines whether other similarly situated employees should be notified" of the lawsuit. *Id.*  The plaintiff carries the burden at this stage, though the Eleventh Circuit has described the standard at this stage as "not particularly stringent," "fairly lenient," "flexible," and "not heavy." *Id.* at 1261 (citing cases).  Motions at this stage "typically result[]" in conditional certification. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quotations omitted).  If the plaintiff satisfies his or her burden, then the action may be certified, "but only conditionally," and the district court must revisit the analysis upon the employer's motion for decertification – the second stage of the procedure. *Morgan*, 551 F.3d at 1261.  "The second stage is less lenient, and the plaintiff bears a heavier burden," in part

because "the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." *Id.*

At the initial "notice stage," the "focus of the court's inquiry . . . is not on whether there has been an actual violation of law, but on whether the proposed plaintiffs are similarly situated with respect to their allegations that the law has been violated." *Campo v. Granite Servs. Int'l, Inc.*, 584 F. Supp. 3d 1337, 1342–43 (N.D. Ga. 2022). To satisfy their "fairly lenient" burden, FLSA plaintiffs "must show either (1) that their job positions and duties are similar to those positions held by the putative collective members . . . or (2) that plaintiffs and the putative collective members were all subject to the same unified policy, plan, or scheme that forms the basis of the alleged FLSA violation." *Id.* at 1243. Employees need not have held identical positions to be similarly situated. *Morgan*, 551 F.3d at 1260; *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) ("Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative [collective] members") (quotations omitted).

Here, the parties have agreed to request that the court conditionally certify a Proposed Collective comprised of current and former employees of Defendants who: (a) worked in the position of Equipment Sales, Equipment Sales – Construction Sales, Equipment Sales – Inside Sales, Equipment Sales – Outside Sales, Export Sales, or Internet Sales at any time between the date three years prior to the date the Court issues an order granting conditional certification (the maximum statute of limitations under 29 U.S.C. § 255) and the present; (b) primarily made sales inside one of Defendants' stores; and (c) received commissions and/or incentives that did not comprise more than half of their total pay in any calendar year during the three-year time period.

**B. The Agreed-Upon Notice and Consent Form Should be Issued to Members of the Proposed Collective.**

Upon conditional certification of an FLSA claim, putative collective members "are given notice and the opportunity to 'opt-in'" to the case. *Hipp*, 252 F.3d at 1218. Plaintiff and Defendants have agreed on the form of the notice and the consent form to be issued to members of the Proposed Collective (which is attached hereto as **Exhibit 1**) and the process to be used to issue notice. Per the parties' agreement, Defendants will provide the names, unique employee identification numbers, and last known physical and personal email addresses of its best determination[2] of all members of the Proposed Collective, as defined above, within fourteen (14) days of entry of this Court's order. Plaintiff's counsel, or a claims administrator retained by his counsel,[3] shall then have seven (7) days from receipt of the contact information from Defendants to send the notice and consent form in Exhibit 1 to the members of the Proposed Collective via U.S. Mail and email. Members of the Proposed Collective will then have sixty (60) days from the date their notice is mailed to opt into this action by returning an executed consent form to Plaintiff's counsel. Plaintiff's counsel will file all executed consent forms received within seven (7) days of the end of the 60-day opt-in period. A proposed order to this effect is submitted herewith.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Unopposed Motion to Conditionally Certify a Collective Action and to Issue Notice.

---

[2] The parties have agreed that Defendants will make a reasonable preliminary determination of those employees it believes to be working or have worked as inside salespersons, for purposes of the conditional certification and notice, without prejudice to either party's right to challenge that determination at a later point.

[3] If Plaintiff's counsel retains a claims administrator for this purpose, Plaintiff's counsel shall be solely responsible for any fees charged by the administrator.

Respectfully submitted, this 9th day of October, 2025.

**JOHN LIOCES**

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter
*Admitted Pro Hac Vice*
TITTLE & PERLMUTER
4106 Bridge Ave.
Cleveland, OH 44113
Phone: (216) 308-1522
Fax: (888) 604-9299
scott@tittlelawfirm.com

Kathleen R. Harris
*Admitted Pro Hac Vice*
TITTLE & PERLMUTER
4106 Bridge Ave.
Cleveland, OH 44113
Phone: (216) 222-2222
Fax: (888) 604-9299
katie@tittlelawfirm.com

Shaun C. Southworth
GA Bar No. 959122
SOUTHWORTH PC
1100 Peachtree Street NE
Suite 200
Atlanta, GA 30309
Phone: (404) 585-8095
Fax: (404) 393-4129
shaun@southworthpc.com

Hans A. Nilges
*Admitted Pro Hac Vice*
NILGES DRAHER LLC
7034 Braucher St NW
Suite B
North Canton, OH 44720
Phone: (234) 401-9136
Fax: (330) 754-1430
hans@ohlablorlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of October, 2025, the foregoing was filed electronically, and served via the Court's electronic filing service upon counsel for all Defendants.

*s/ Scott Perlmuter*
Scott D. Perlmuter (OH Bar# 0082856 and admitted Pro Hac Vice)